Opinion filed May 15, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed May 15, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00260-CR

                                                     _________

 

                                   ROBERT M. ROSALES, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 106th District Court

 

                                                         Dawson
County, Texas

 

                                                  Trial
Court Cause No. 05-6391

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
jury convicted Robert M. Rosales of two counts of aggravated sexual assault of
a child, one count of indecency with a child by exposure, and three counts of
indecency with a child by touching.  The jury assessed his punishment at
confinement for ninety-nine years and a $10,000 fine for each aggravated sexual
assault, confinement for ten years and a $5,000 fine for the indecency by
exposure, and confinement for twenty years and a $5,000 fine for each indecency
by touching.  We affirm.








                                                                Evidence
at Trial

There
is no challenge to the sufficiency of the evidence. The record reflects that
the victim was twelve years old at the time of trial.  She identified appellant
as her grandmother=s
former boyfriend and testified that, beginning in 2000, she had had A[b]ad problems@ with him.  The victim
described how appellant had touched her private with his hands and with his
private; how he had touched her breasts; how he would pull his pants down, lay
on top of her, move, and place his private inside of her private; how he would
put his mouth on her private; and how he would push her head toward his private
and tell her to suck.  The victim stated that she knew appellant had done these
A[b]ad things@ with her sister because
she had seen him.[1]  One time,
she saw appellant hit her sister because she tried to fight him.  The victim
testified that appellant did these things to her Amore
than once@ and that
she saw him do this to her sister A[m]ore
than once.@  Appellant
told the victim not to tell anyone or something bad would happen to her.  She
was scared and believed him.  After she saw a puppet show at school, she
decided to tell what appellant had been doing.

Appellant
gave a written statement that was admitted into evidence.  Appellant did not
admit to any misconduct with the victim but described several incidents with
the victim and her sister.  Appellant stated that the victim and her sister had
peeked through the shower curtain while he was in the shower and that the
victim had sat on his lap one time when she was wearing only a T-shirt and he
was in his underwear.  Appellant did not think that his penis Acame out@ of his underwear.  
Another time, appellant said that he grabbed a towel and dried the victim off
after her grandmother (his girlfriend) had bathed her.  Appellant concluded his
statement by saying that both the victim and her sister would hug him and kiss
him on the mouth every time they saw him after he and their grandmother
separated. 

                                                                  Issue
on Appeal








In
his sole issue on appeal, appellant contends that the trial court abused its
discretion in admitting his statement.  Because he was taking medication on the
day he gave his statement, appellant argues that there was an insufficient
showing that he had waived his right to remain silent and his right to
counsel.  At trial, appellant objected to the admission of his statement
pursuant to Tex. Code Crim. Proc. Ann.
art. 38.22 (Vernon 2005).  To the extent that appellant=s complaints on appeal match the objections he
raised before the trial court, appellant has preserved his arguments for
appellate review.  Tex. R. App. P. 33. 
To the extent that appellant=s
complaints on appeal do not match, those complaints are not properly before
this court and are overruled.

                                                   Hearing
on Appellant=s
Statement

Dawson
County Deputy Sheriff Alex Sauseda testified that he was a Lamesa police
officer at the time he investigated the present offenses.  The victim had
identified appellant as her assailant, and Deputy Sauseda went to appellant=s parents= house to talk to him. 
Appellant voluntarily agreed to go to the police station.  Deputy Sauseda
waited on appellant to get ready and then drove him to the police station. 
Appellant was not under arrest and was free to leave at any time.  Deputy
Sauseda advised appellant of his Miranda rights.[2] 
Appellant indicated that he understood and that he wished to waive his rights
and make a statement.  Deputy Sauseda took appellant=s statement, typed it up, and presented it to
appellant for his review.  Appellant initialed each of the various warnings and
signed the statement.

Deputy
Sauseda stated that, while appellant had informed him that he was taking
medication for his liver and that he had been in an accident, appellant did not
state what the medication was.  The record reflects that Deputy Sauseda
initially contacted appellant at his parents=
home at 12:30 p.m. and that appellant signed his statement at 4:15 p.m.








Appellant
testified for the purpose of determining the admissibility of his statement. 
Appellant stated that he had sustained a head injury in a 1979 motorcycle
accident.  He stated that he could barely see, that he had been taking medication
including hydrocodone at the time he talked to Deputy Sauseda, that he had
vomited blood while he was at the police station, and that Deputy Sauseda did
not give him his rights until after he had signed his statement.  Appellant
also testified that Deputy Sauseda saw Athe
black in [his] stool@
when he passed blood.  When the State questioned him, appellant stated that he
understood that he was on trial, that he went voluntarily because he wanted to
answer some questions, and that he had not been wandering around in a fog since
his accident. The record reflects that Deputy Sauseda was not questioned
concerning appellant=s
statements that Deputy Sauseda was aware that appellant had vomited blood and
passed blood in his stool.

The
trial court found that appellant=s
statement was voluntary and overruled his objections. 

                                                                        Analysis

In
reviewing a trial court=s
ruling on a motion to suppress, appellate courts must give great deference to
the trial court=s
findings of historical facts as long as the record supports the findings.  Guzman
v. State, 955 S.W.2d 85 (Tex. Crim. App. 1997).  Because the trial court is
the exclusive factfinder, the appellate court reviews evidence adduced at the
suppression hearing in the light most favorable to the trial court=s ruling.  Carmouche v.
State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  We also give deference
to the trial court=s
rulings on mixed questions of law and of fact when those rulings turn on an
evaluation of credibility and demeanor.  Guzman, 955 S.W.2d at 87. 
Where such rulings do not turn on an evaluation of credibility and demeanor, we
review the trial court=s
actions de novo.  Guzman, 955 S.W.2d at 87; Davila v. State,
4 S.W.3d 844, 847-48 (Tex. App.CEastland
1999, no pet.).  

The
record supports the trial court=s
determination that appellant voluntarily gave his statement and that the
provisions of Article 38.22 did not apply as appellant was free to leave at any
time.  We specifically note that appellant=s
claims concerning due process were not raised in the trial court and have not
been preserved for appellate review.  Rule 33.  The sole issue on appeal is
overruled.

                                                               This
Court=s
Ruling

The
judgments of the trial court are affirmed.

 

 

RICK STRANGE

JUSTICE         

 

May 15, 2008

Do not publish.  See Tex. R. App. P. 47.2(b).

 

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]In a joint trial, the jury convicted appellant of the
following offenses with the victim=s
sister:  two counts of aggravated sexual assault of a child, one count of
indecency with a child by exposure, and one count of indecency with a child by
touching.  Today, we also affirm those convictions in Cause No. 11-06-00284-CR.





[2]Miranda v. Arizona, 384 U.S. 436 (1966).